DORSEY & WHITNEY LLP
Bruce R. Ewing
51 West 52nd Street
New York, New York 10019
(212) 415-9200

Attorneys for Plaintiff
Franci Cohen

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FRANCI COHEN,                                                  :
                                                               :
                              Plaintiff,                       :
                                                               :
          - against -                                          :
                                                               :   **COMPLAINT WITH JURY**
SUNRISE APPAREL GROUP, LLC,                                    :   **DEMAND**
                                                               :
                              Defendant.                       :
---------------------------------------------------------------X

Plaintiff Franci Cohen ("Cohen" or "Plaintiff"), by her attorneys, Dorsey & Whitney LLP, for her Complaint against defendant Sunrise Apparel Group, LLC ("Sunrise" or "Defendant") alleges as follows:

### Introduction

1.      The claims asserted in this action arise out of Defendant's effort to obtain for itself rights in the family of "SPIDER" trademarks adopted and used by Plaintiff for more than fifteen years in connection with directly competitive physical fitness programs, services and equipment. Defendant's obvious goal is to push Plaintiff out of the market while simultaneously causing confusion among consumers that will eviscerate the goodwill Plaintiff has established in her family of marks. Plaintiff has brought this action to put an end to this wrongful conduct.

2.      Plaintiff is a small businesswoman who has built up a successful physical fitness business through a great deal of hard work and a substantial investment of time and resources.

That she has been able to make a success of her business using trademarks like SPIDERBANDS, SPIDERDOME and SPIDERKIX, among others, particularly throughout the COVID-19 pandemic, is testament to the goodwill she has created in those marks. But Defendant cares nothing for any of this and has begun offering physical fitness and related goods and services under designations like SPIDERKICK and SPIDER FIT. And when the U.S. Patent & Trademark Office (the "PTO") refused to register some of Defendant's "SPIDERKICK" designations because it recognized the likelihood of confusion they would cause with Plaintiff's SPIDERKIX trademark, Defendant filed a petition to cancel Plaintiff's registration for that mark, asserting wholly unfounded claims of abandonment in an effort to bully Plaintiff into consenting to Defendant's confusing use.

3. In order to bring an end to Defendant's effort to divest Plaintiff of her valuable trademark rights and simultaneously to prevent ongoing violations of those rights and confusion in the marketplace, Plaintiff asks that this Court grant her an award of injunctive relief, damages and related relief.

## Parties, Jurisdiction and Venue

4. Plaintiff Franci Cohen is an individual who resides at 952 East 9th Street, Brooklyn, New York.

5. Upon information and belief, defendant Sunrise is a limited liability company organized under the laws of the State of California with its principal place of business at 801 S. Figueroa Street, Suite 2500, Los Angeles, California.

6. This is a civil action arising out of Defendant's infringement of federally registered trademarks owned and used by Plaintiff, in violation of §§ 32(1) and 43(a) of the U.S.

Trademark Act of 1946, *as amended* (the "Lanham Act"), 15 U.S.C. §§ 1114(1), 1125(a), as well as the statutory and common law of the State of New York.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

8. Upon information and belief, this Court has personal jurisdiction over Defendant pursuant to CPLR 301, because, upon information and belief, Defendant maintains a New York Office located at 1450 Broadway, New York, New York, and pursuant to CPLR 302, by virtue of its commission of tortious conduct as described herein in the State of New York and this District, and its transaction of business within the State of New York and this District.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

**Cohen's SPIDER Family of Trademarks and the Business She Has Built Around Them**

9. Cohen is a physical fitness instructor who has developed innovative workout programs based on principles of "compound movements," in which the body is required to use multiple body parts and muscles.  Through this process, multiple body systems are engaged both simultaneously and differently, while working with more than one apparatus, and fluctuating back and forth between aerobic and anaerobic energy zones, throughout different planes of motion.

10. In the late 1990s, Cohen launched her business under a family of distinctive trademarks containing the term SPIDER, a term she adopted because the movements taught by Cohen resemble spider legs as they move from side to side.  The specific terms Cohen adopted for her physical fitness programs and services are:

- SPIDERBANDS, for a program centered around suspension and aerial concepts, in which participants leverage gravity and their own body weight, to integrate the various systems of the body in an effective and innovative way.  Cohen also uses

3

and has used SPIDERBANDS as the trademark for the weight-bearing apparatus used in many of her SPIDER physical fitness programs.

- SPIDERBOUNCE, for a program that uses the gravitational force of a rebounder with the weight bearing resistance of the SPIDERBANDS apparatus.

- SPIDERDOME, for a program that combines the dynamic, reactive surface of the bosu with the weight bearing resistance of the SPIDERBANDS apparatus.

- SPIDERCYCLE, for a program that combines the use of the SPIDERBANDS apparatus with indoor cycling.

- SPIDERBOX, for a program that combines standard boxing techniques on a free-standing heavy bag with the SPIDERBANDS apparatus.

- SPIDERKIX, for a program that combines the use of the SPIDERBANDS apparatus with kickboxing techniques, minus the gloves.

11. Cohen has registered all of these designations with the PTO on the Principal Trademark Register, as set forth below:

| Reg. No. | Trademark | Goods/Services |
|---|---|---|
| 4,788,292 | SPIDERBANDS | Exercise equipment and accessories, namely, hanging resilient bands, bars, work-out gloves, and accessory handle grips for sporting equipment; gym equipment and accessories, namely, hanging resilient bands, bars, work-out gloves, and accessory handle grips for sporting equipment |
| | | Physical fitness training and instruction services; Exercise and physical fitness conditioning classes |
| 4,640,777 | SPIDERBOUNCE | Physical fitness studio services, namely, providing group exercise instruction, equipment, and facilities; Physical fitness training of individuals and groups |
| 4,640,779 | SPIDERCYCLE | Physical fitness studio services, namely, providing group exercise instruction, equipment, and facilities; Physical fitness training of individuals and groups |

| | | |
|---|---|---|
| 4,640,781 | SPIDERBOX | Physical fitness studio services, namely, providing group exercise instruction, equipment, and facilities; Physical fitness training of individuals and groups |
| 4,640,775 | SPIDERDOME | Physical fitness studio services, namely, providing group exercise instruction, equipment, and facilities; Physical fitness training of individuals and groups |
| 4,640,782 | SPIDERKIX | Physical fitness studio services, namely, providing group exercise instruction, equipment, and facilities; Physical fitness training of individuals and groups |

12. Over time, Cohen's business grew significantly, from classes offered at gyms in Brooklyn and New Jersey to additional locations, including a SPIDERBANDS studio that operated on a pilot basis in 2017 and 2018 in Union Square in Manhattan. Cohen and her SPIDER physical fitness programs were the subject of press coverage during this period, including in *Vogue, People* and *Cosmopolitan* magazines, national and local New York City television, and *The New York Times*. After the pilot SPIDERBANDS studio proved successful, Cohen began discussions with third parties about expanding her business further through a licensing program, beginning with a plan to open up additional SPIDERBANDS locations on the west coast.

13. Unfortunately, in part due to the COVID-19 pandemic that caused Plaintiff's business to suffer customer losses because in-person workouts were no longer feasible, with all classes moving online, and in part due to Defendant's actions described below, Plaintiff has been unable to grow her business further in the way she had planned. Notwithstanding, she continues to own valuable common law and registration rights in her SPIDER family of marks that are consistently and continuously advertised and promoted together, with an emphasis on their common SPIDER component.

14. By virtue of her continuous and substantial use of the SPIDER family of marks for decades and the quality of Plaintiff's services and goods offered under those marks, Plaintiff has developed substantial, valuable goodwill with respect to such marks.

### Defendant's Wrongful Activities

15. Upon information and belief, Defendant had constructive, if not actual, notice of Plaintiff's family of registered SPIDER marks pursuant to Section 22 of the Lanham Act, 15 U.S.C. § 1072, prior to its adoption and use of the designations at issue in this action and/or confusingly similar variations thereof.

16. Notwithstanding such notice, in or about 2019, upon information and belief, Defendant, either directly or through a licensee, began offering physical fitness services and related goods under the trademark SPIDERKICK, as well as the trademark SPIDER FIT. Much like Plaintiff, the services offered by or through Defendant under the SPIDERKICK and SPIDER FIT trademarks focus on physical fitness, exercise and related subjects, and they also encompass related goods and physical fitness equipment.

17. In 2019, Defendant filed a series of trademark applications for SPIDER KICK that encompassed, among others things:

- Retail store services in the fields of clothing, and sporting goods, and gym products

- Audio visual recordings featuring and promoting fitness and sporting events; box sets, namely, gift sets containing audio visual recordings, and bonus items in the nature of fitness books, art prints, and posters; cases, covers, and sleeves for electronic apparatus, namely, cameras, cell phones, portable media players, PDAs, tablet computers, laptops, e-book readers, GPS devices, and computer peripherals; downloadable audio and visual recordings featuring fitness and sporting events; downloadable audio and visual recordings featuring and promoting fitness, sporting events and entertainment content provided via a global computer network or video-on-demand service; downloadable computer wallpaper and screen saver software; downloadable image files relating to fitness and sporting

6

        entertainment; downloadable software providing access to entertainment-related content and allows users to socialize and interact with other users; prerecorded content in the nature of audio and video recordings relating to fitness and sporting events; mouse pads; musical video recordings

- Boxing and mixed martial arts gloves; protective padding for martial arts, boxing, mixed martial arts, and fitness; sports equipment for boxing and martial arts, namely, protective bras; sports equipment for boxing and martial arts, namely, boxing gloves, mixed martial arts gloves, punching mitts, shin guards, belly protectors, and groin protectors

- Personal fitness training services; providing fitness and exercise studio services; providing facilities for physical fitness training

In each instance, registration for SPIDER KICK was refused for these goods and services by the PTO based on Plaintiff's preexisting registration for SPIDERKIX because of a likelihood of confusion between the respective marks for such goods and services.

      18.     But rather than dispute the PTO's conclusions, Defendant instead filed a petition for cancellation of Plaintiff's SPIDERKICK trademark registration, on November 21, 2019, by asserting falsely that Plaintiff had abandoned her rights in such mark in a transparent effort to divest her of her valuable trademark rights and/or bully her into consenting to the registration of Defendant's SPIDER marks. And not only that, even though the PTO had concluded that confusion was likely between the parties' marks for the goods and services at issue, Defendant has knowingly continued to offer goods and services under the trademark SPIDERKICK, as well as SPIDER FIT, without authorization from Plaintiff and in a manner designed to confuse, and that has actually confused, consumers.

      19.     Defendant has therefore not only engaged in misconduct that has caused and will continue to cause irreparable harm to Plaintiff and to the goodwill embodied in Plaintiff's distinctive SPIDER Marks, it has compounded its misconduct by engaging in acts of bad faith so

that it can push Plaintiff out of the marketplace. Such acts will continue unless restrained by this Court.

20. Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement Under Section 32(1) of the Lanham Act

21. Plaintiff repeats and realleges each and every allegation set forth in all of the preceding paragraphs as if fully set forth herein.

22. Defendant's conduct constitutes willful infringement of Plaintiff's registered family of SPIDER marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

23. As a proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer damage to her business, goodwill and reputation embodied in her SPIDER family of distinctive trademarks. Such injury to Plaintiff is ongoing and irreparable and is not fully compensable by an award of monetary damages.

24. Plaintiff is entitled to a permanent injunction against Defendant as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, corrective advertising, disgorgement of profits, pre-and post-judgment interest, and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### Infringement and Use of False Designations of Origin Under Section 43(a)(1)(A) of the Lanham Act

25. Plaintiff repeats and realleges each and every allegation set forth in all of the preceding paragraphs as if fully set forth herein.

26. Defendant's conduct constitutes willful infringement, unfair competition and the

knowing use of false designations of origin and false descriptions and representations in connection with services and products placed into the stream of commerce in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

27. As a proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer damage to her business, goodwill and reputation embodied in her SPIDER family of distinctive trademarks. Such injury to Plaintiff is ongoing and irreparable and is not fully compensable by an award of monetary damages.

28. Plaintiff is entitled to a permanent injunction against Defendant as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, corrective advertising, disgorgement of profits, pre-and post-judgment interest, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

### Common Law Trademark Infringement and Unfair Competition

29. Plaintiff repeats and realleges each and every allegation set forth in all of the preceding paragraphs as if fully set forth herein.

30. Defendant's unlawful activities, as alleged above and undertaken in bad faith, constitute trademark infringement and unfair competition in violation of the common law of the State of New York

31. As a proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer damage to her business, goodwill and reputation embodied in her SPIDER family of distinctive trademarks. Such injury to Plaintiff is ongoing and irreparable and is not fully compensable by an award of monetary damages.

32.     Plaintiff is entitled to a permanent injunction against Defendant as well as other remedies available under New York law, including, but not limited to, compensatory damages, treble damages, punitive damages, corrective advertising, disgorgement of profits, pre-and post-judgment interest, and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

### Dilution in Violation of New York General Business Law § 360-l

33.     Plaintiff repeats and realleges each and every allegation set forth in all of the preceding paragraphs as if fully set forth herein.

34.     Defendant's unlawful activities, as alleged above, constitute dilution of Plaintiff's family of distinctive SPIDER trademarks in violation of New York General Business Law § 360-1.

35.     As a proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer damage to her business, goodwill and reputation embodied in her SPIDER family of distinctive trademarks.  Such injury to Plaintiff is ongoing and irreparable and is not fully compensable by an award of monetary damages.

36.     Plaintiff is entitled to a permanent injunction against Defendant as well as other remedies available under New York law.

WHEREFORE, Plaintiff prays for a judgment:

1.     Permanently enjoining and restraining Defendant, its officers, agents, servants, employees, licensees, attorneys, successors or assigns, and all persons or entities acting in concert or participation with them or any of them, from the manufacture, distribution, offering for sale, sale, advertising and/or promotion in the United States of any physical fitness services or goods that:

(i) uses or depict in any way the term SPIDER accompanied by terms that would be perceived as connoting the type of physical fitness services and goods offered by Cohen, including but not limited to the designations SPIDERKICK and SPIDER FIT, any variations thereof, or any other designation that is confusingly similar to Plaintiff's family of distinctive SPIDER trademarks; and

(ii) any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendant's business and products are in any way associated or affiliated with or related to Plaintiff's SPIDER products or Plaintiff.

2. Directing Defendant to deliver up to Plaintiff for destruction or other disposition, within thirty (30) days of the entry of final judgment herein, any and all goods, accessories, labels, hang tags, signs, prints and advertising or promotional materials in its possession or within its custody or control that bear any designation in violation of Plaintiff's rights as decreed herein, together with all means of making the same.

3. Directing Defendant to file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116.

4. Directing Defendant to account to Plaintiff for its profits arising from the conduct complained of herein, pursuant to 15 U.S.C. § 1117(a) and New York law, together with pre-judgment and post-judgment interest thereon.

5. Awarding Plaintiff her actual damages incurred as a consequence of Defendant's wrongful conduct as described herein, pursuant to 15 U.S.C. § 1117(a) and New York law, together with pre-judgment and post-judgment interest thereon.

6. Awarding Plaintiff punitive damages under New York law.

7. Awarding Plaintiff her reasonable attorneys' fees, taxable costs and disbursements of this action, pursuant to 15 U.S.C. § 1117.

8. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all of her claims and any defenses so triable.

Dated: New York, New York
May 28, 2021

DORSEY & WHITNEY LLP

By: *[signature]*

Bruce R. Ewing
51 West 52nd Street
New York, New York 10019
(212) 415-9200

Attorneys for Plaintiff
Franci Cohen